IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES SCHENK,

    Plaintiff,

v.

WISCONSIN DEPT OF ADULT
INSTITUTIONS and
JUNEAU COUNTY JAIL,

    Defendants.

OPINION & ORDER

Case No. 20-cv-867-wmc

*Pro se* plaintiff James Schenk brings this action under 42 U.S.C. § 1983 against two defendants, the Wisconsin Department of Adult Institutions ("DAI") and Juneau County Jail. Schenk claims that his dental health care needs were ignored, and he was forced to pay for dental work when he was being held at the Juneau County Jail and Dodge Correctional Institution ("Dodge") in 2018 and 2019. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. After review, the court concludes that plaintiff's complaint is subject to dismissal because he has not identified a proper defendant for suit under § 1983, and his allegations are vague and contain too few details to infer that any state officials violated his constitutional rights. However, the court will give plaintiff an opportunity to file an amended complaint that identifies a proper defendant and provides further details about the nature of his condition and his efforts to obtain dental care.

ALLEGATIONS OF FACT[1]

Schenk includes very few allegations in his complaint. It appears that at least between 2018 and 2019, Schenk was incarcerated by the Wisconsin Department of Corrections, and was held for some of that time at the Juneau County Jail. During that time, he suffered from numerous dental needs, but there were no dental services on site. He further alleges that when he eventually obtained dental care, he was forced to pay for his dental care with his private health insurance and out of pocket. Moreover, Schenk states that he "sat in pain bleeding for 3-4 month" before he received dental care, and that he had to take ibuprofen and Tylenol for eight months daily.

OPINION

Since plaintiff alleges that he was a state inmate throughout the relevant time period, the court infers that his claims are governed by the Eighth Amendment's prohibition on cruel and unusual punishment. A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" means

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's complaint.

2

that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Yet plaintiff may not proceed at this time, for two reasons.

*First*, plaintiff has not identified a proper defendant to sue under § 1983. Neither the jail nor the DAI are persons subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989) (states and stage agencies are not "persons" who may be sued for constitutional violations under § 1983); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail cannot be sued under § 1983 because it cannot accept service of the complaint).

*Second*, plaintiff's allegations fail to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

Given the standard set forth above, and the fact that liability under § 1983 requires personal involvement in the alleged constitutional violation, Schenk's allegations do not provide *any* information that would permit the court to determine whether he may proceed against any jail or prison employee personally. Although Schenk does not need to provide significant details about the interactions he had with the individual jail or institution

employees from whom he sought treatment or pain relief, he needs to provide the basics: whether the individuals against whom he wishes to proceed knew about his need for care and when, and how each of them responded. Schenk's current complaint fails to do this.

The court will give Schenk a brief window of time, until **September 8, 2021,** to submit a proposed amended complaint that identifies a proper defendant and provides more details about the claims he wishes to pursue. Schenk should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. He should be sure to identify the specific defendants who are being sued, and the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. Moreover, to the extent that the absence of dental treatment at the Juneau County Jail was the product of an official policy of Juneau County, it is possible that plaintiff could include Juneau County as a defendant to pursue a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff should be aware that to state such a claim, he must allege in good faith that his constitutional violation was "caused by: (1) an official policy adopted and promulgated by [the county's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Also, a custom cannot be established through a single incident. *See Palmer v. Marion Cty*, 327 F.3d 588 (7th Cir. 2003). After the court receives Schenk's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1. Plaintiff James Schenk's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **September 8, 2021,** to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause this court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 18th day of August, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge