IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES SCHENK,

     Plaintiff,

    v.

CAPTAIN PEDERSON,
CONRAD MAGNO and
NURSE PAT OWENS,

    Defendants.

OPINION AND ORDER

No.  20-cv-867-wmc

From March 24, 2018 to June 2018, *pro se* plaintiff James Schenk was incarcerated at Dodge Correctional Institution, and then he was transferred to the Juneau County Jail. Schenk claims that his dental health care needs were ignored at each facility, and he has been granted leave to proceed in this lawsuit under 42 U.S.C. § 1983 against Juneau County Jail Captain Peterson and Nurse Pat Owen, as well as Dodge Correctional Institution dentist Dr. Conrad Magno.

Dr. Magno seeks summary judgment because he was not employed at Dodge until after Schenk left that institution (Dkt. #47), which Schenk does not oppose. Instead, Schenk moves to amend his complaint to substitute Dr. Karen Schoenike as a defendant for Magno. (Dkt. #55.) In turn, defendants argue that Schenk's motion should be denied for a number of reasons, including because Schenk failed to exhaust his administrative remedies with respect to his dental care claims. (Dkt. #57.) Similarly, defendants Pederson and Owens, who are represented together and referred to here as "County Defendants," seek summary judgment on the same exhaustion ground. (Dkt. #51.)

Schenk does not deny that he failed to follow Dodge County Jail's or Dodge Correctional Institution's exhaustion procedures, but he claims that he should be excused from those requirements.  Unfortunately, Schenk's circumstances did not excuse him from following the exhaustion procedures at either the jail or Dodge.  Accordingly, the County Defendants are entitled to summary judgment, and the court must deny Schenk's motion to amend his complaint to add Dr. Schoenike as futile.  Finally, because Schenk both concedes his failure to exhaust *and* does not dispute that Dr. Magno was not even employed at Dodge during the relevant time period, the court will also grant his motion for summary judgment as well.  Therefore, Schenk's claim against Dr. Magno will be dismissed with prejudice, and Schenk's remaining claims will be dismissed without prejudice.


OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other words, before he can proceed in federal court, a prisoner must first follow all the applicable rules for completing the administrative grievance process.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025.  *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005) (discussing exhaustion requirements applicable to inmate grievances being brought in federal court).  Indeed, "exhaustion is necessary even if . . . the prisoner believes that

exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.") (citations omitted).

Among other things, this exhaustion requirement is intended to afford prison and jail administrators a fair opportunity to resolve a grievance before litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Still, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018), (meaning that at summary judgment, a defendant must show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When plaintiff Schenk was incarcerated at the Juneau County Jail, it maintained and provided to inmates a written policy that established the procedures applicable to inmate grievances. Specifically, those procedures stated that if an inmate is unable to resolve an issue informally, then he or she is to file a written grievance so jail officials can address it. Moreover, this written grievance must be filed within 48 hours of the incident being grieved. If dissatisfied with the jail's decision on the written grievance, the inmate then has 24 hours of receiving that decision to submit a written appeal to the Jail Administrator. Finally, if the inmate remains dissatisfied after receiving the Jail Administrator's response, the inmate may appeal to the Sheriff or Undersheriff within 24 hours of receiving the Jail Administrator's decision. Having pursued an adverse ruling on

appeal to the Sheriff or Undersheriff, an inmate will have then exhausted all administrative options.

Here, it is undisputed that Schenk received a copy of the jail rules and regulations on June 19, 2018, including the grievance policy outlined above.  In fact, Schenk acknowledged he received and could have read and understood those policies.  Yet the only evidence that he filed a written grievance on this subject to the Juneau County Jail is a single sentence in a grievance mainly addressing his dissatisfaction with the administration of his inmate funds.  The sentence reads, "We have to fight tooth and nail for dental work." Even if construed as a written grievance about Schenk's frustration with his dental care at the jail, however Schenk did *not* appeal the response to that or any other grievances.

Indeed, Schenk does not dispute that he failed to follow each step of the jail's grievance procedures, nor does he dispute having access to the procedures.  Schenk also does not even suggest that any jail officials prevented him from accessing those procedures or following the grievance process.  Rather, Schenk contends that because he was a state prisoner transferred to the jail due to overcrowding, he did not need to follow the jail's grievance policies.  He further argues that he was deprived of the opportunity to follow the exhaustion procedures because he did not have access to the Wisconsin Department of Corrections' grievance forms or inmate complaint examiners.  However, the DOC's exhaustion procedures provides that "[i]nmates housed in other jurisdictions are required to file complaints with that jurisdiction for all matters under that jurisdiction's control." *See* Wis. Admin Code § DOC 310.02(3) (state inmates housed in other jurisdictions are required to file grievances with that jurisdiction for all matters under that jurisdiction's

4

control).  Thus, Schenk was *required* to follow the jail's grievance procedures to grieve events that occurred there properly, and his claimed inability to access the DOC's grievance forms did not prevent him from following the *jail's* grievance procedures.

Schenk also contends that he took some steps to raise his concerns within the jail, referencing conversations he had with defendant Pederson, but he not only fails to provide a sworn statement to that effect or indicate what was said during those conversations, he makes *no* assertion that Pederson indicated that he need not submit a written grievance about his concerns consistent with jail policy.  Accordingly, the County Defendants have established that Schenk failure to exhaust the Juneau County Jail's administrative remedies, and his claims against defendants Owens and Pederson must be dismissed without prejudice for failure to exhaust.  *See Ford v.* Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice").

As for Schenk's proposed claim against Dr. Schoenike, this court will freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  Amending at this point to replace Dr. Schoenike as a defendant for Dr. Magno would be futile because there is no material factual dispute that Schenk also did not exhaust his administrative remedies with respect to his dental care claims while incarcerated at Dodge Correctional Institute.  Indeed, in his opposition, Schenk neither mentions Dr.

Schoenike nor suggests that he even attempted to file an inmate complaint about her handling of his dental care.

Wisconsin prisoners must start the administrative process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6).[1] The inmate complaint must "clearly identify the issue" that the inmate seeks to raise. *Id.* § 310.09(1)(e). Once filed, the ICE is required to assign a file number to the inmate complaint, along with a classification code and date. *Id.* § 310.11(2). The ICE is also required to "review and acknowledge each complaint in writing within 5 working days after the date of receipt by the ICE." *Id.*

Schenk did not file any inmate complaints during his time at Dodge, much less an inmate complaint regarding any DOC official's handling of his dental care. Schenk represents that he underwent a dental exam in March 2018, after which he received *no* dental care. Schenk was not transferred to the jail until June 2018. As a result, Schenk was in a position to file an inmate complaint consistent with the DOC's procedures for approximately a three-month period before his transfer to the jail. Schenk does not explain why he failed to follow those procedures while still at Dodge, nor why he did not attempt to follow those procedures after his transfer. Accordingly, the court agrees that Schenk has no basis to proceed against defendant Magno nor to amend at this late stage in the lawsuit

---

[1] On April 1, 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect. Unless indicated otherwise, this order refers to the December 2014 version in effect when the oldest of plaintiff's claims at-issue arose.

to add another defendant against whom he plainly did not exhaust his administrative remedies either.

## ORDER

IT IS ORDERED that:

1. Defendant Dr. Conrad Magno's motion for summary judgment (dkt. #47) is GRANTED, and the claim against him is DISMISSED with prejudice.

2. Defendants Pat Owens and Pat Pederson's motion for summary judgment (dkt. #51) is GRANTED, and the claims against them are DISMISSED without prejudice.

3. Plaintiff James Schenk's motion to amend his complaint to add Dr. Karen Schoenike as a defendant (dkt. #55) is DENIED as futile.

4. The clerk of court is directed to enter judgment accordingly.

Entered this 9th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge